Eugene B. Elliot, SBN 111475
Michael C. Wenzel, SBN 215388
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendant
CONTRA COSTA COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BENKO and DANIEL CRUZ, | Case No.: CV-10-04943 JCS |
| Plaintiff, | **STIPULATION REGARDING CONFIDENTIALITY OF DOCUMENTS; [PROPOSED] ORDER THEREON** |
| vs. | |
| CONTRA COSTA COMMUNITY COLLEGE DISTRICT, | |
| Defendant. | |

The parties to the above-entitled action, by and through their counsel of record, hereby stipulate as follows:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no

---
1
STIPULATION RE CONFIDENTIALITY OF DOCUMENTS; [PROPOSED] ORDER THEREON
*Benko/Cruz v. Contra Costa Community College District*
U.S.D.C. Northern District of CA Case No.   CV-10-04943 JCS

entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

The materials included in the above-mentioned stipulation are as follows:

    a.    Employee records relating to the Physical Education Department;

    b.    Student complaints against plaintiff CRUZ;

    c.    Other materials that the parties agree in writing are to be covered by this Stipulation.

All "confidential material" shall be designated by stamping or otherwise marking each such document as follows: **"CONFIDENTIAL"**

2.    Confidential material shall be used solely in connection with the preparation and litigation of the case in the within action (CV-10-04943 JCS) or in any related appellate proceeding, and not for any other purpose, including any other litigation, without the express approval of the opposing party or Court Order.

3.    Confidential material may not be disclosed, except as is provided in paragraph 4, below.

4.    Confidential material may be disclosed only to the following persons: (a) parties and counsel for any party to this litigation; (b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for the parties in this litigation; (c) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial in this action; (d) any outside expert or consultant retained by any party to the action in connection with the action, and not otherwise employed by either party; (e) any "in-house" expert designated by any party to testify at trial in this matter; and (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order

Nothing in this paragraph (4) is intended to prevent officials or employees of the DISTRICT, or other authorized government officials, from having access to the documents so designated if they

would have such access in the normal course of their job duties. Furthermore, nothing herein prevents any witness from disclosing events or activities personal to him or her, that is, a witness may disclose to others, without restriction under this order, information previously given to the DISTRICT with respect to what he or she saw, heard, or otherwise sensed.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation

6. Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, shall be provided by the person furnishing him or her "confidential material," as designated hereunder, with a copy of this stipulation, and shall agree on the record, or in writing, that he or she has read this stipulation and consents to it. Unless such agreement is made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said written agreement until final termination of this litigation.

Any refusal to consent to this stipulation by a witness in the context of a deposition or at trial shall not prevent any attorney from disclosing the material or information at issue to that witness at deposition or at trial. However, no copies of documents containing confidential material shall be provided to any person who refuses to consent to this stipulation.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The next stage of the challenge process may proceed only if the parties have engaged in this meet and confer process first.

7.3 <u>Judicial Intervention</u>. If the parties' meet and confer efforts do not resolve any dispute regarding the confidential designation of material pursuant to this Order, the parties agree to jointly submit the matter to the court for determination within 10 court days of the conclusion of meet and confer discussions pursuant to paragraph 6.2. The Designating Party shall provide a first draft of the joint submission to the challenging Party within five (5) court days of the conclusion of meet and confer discussions pursuant to paragraph 6.2.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

///

8. At the conclusion of the trial in this matter, and of any appeal, or upon the termination of this action by any other means, all confidential material received under the provisions of this order, including any copies made thereof, shall be tendered back to the appropriate parties or their attorneys.

9. The foregoing is without prejudice to the right of any party to this action: (a) to apply to the court for a protective order relating to any confidential material or relating to discovery in this litigation; or (b) to apply to the court for an order compelling production of documents or for modification of this stipulation or for any order permitting disclosure of confidential material beyond the terms of this stipulation.

Counsel for the parties to this action hereby declare that they have read the foregoing, that they approve thereof as to form and content, and that, on behalf of their clients in this action, they stipulate thereto.

SO STIPULATED.

Dated: April 27, 2011                    SUNDEEN, SALINAS & PYLE

                                        By: _____/s/ Hunter Pyle_____
                                            Hunter Pyle
                                            Emily Bolt
                                            Attorneys for Plaintiffs
                                            PETER BENKO and DANIEL CRUZ

Dated: April ____, 2011                  BERTRAND, FOX & ELLIOT

                                        By: _____/s/ Michael Wenzel_____
                                            Eugene Elliot
                                            Michael Wenzel
                                            Attorneys for Defendant
                                            CONTRA COSTA
                                            COMMUNITY COLLEGE DISTRICT

Good cause appearing, the stipulation is so ordered.

Dated: April 27, 2011
                                        _____
                                        The Honorable Joseph C. Spero
                                        U.S. District Court Magistrate Judge

---

STIPULATION RE CONFIDENTIALITY OF DOCUMENTS; [PROPOSED] ORDER THEREON
*Benko/Cruz v. Contra Costa Community College District*
U.S.D.C. Northern District of CA Case No. CV-10-04943 JCS